Toomer, Judge.
 

 The writ is in
 
 case,
 
 in the name of the Plaintiff, as administrator of
 
 Nancy Glisson;
 
 the declaration is in
 
 detinue
 
 in Plaintiff’s own right. For these variances, it is insisted by the Defendant, that judgment should be arrested.
 

 In England, for the trial of suits at Common Law, writs issue from the Court of Chancery, and they never are of record in the Court in which the cause is tried, except upon
 
 oyer.
 
 All original writs issue out of the
 
 qffidna justifies,
 
 from which they are issued
 
 ex débito jus-iitice,
 
 to suit the exigency of every case. Variances between the writ and declaration are only noticed, when
 
 oyer
 
 has been had of the
 
 original.
 
 In the English Courts,
 
 oyer
 
 is refused, to prevent objections for variance between the writ and declaration. There the
 
 capias
 
 is considered as mere leading process, to bring the Defendant into Court, to be notified of the cause of action, and when it has performed this office, it is
 
 functus qffido.
 
 — . It forms no part of the record, and no advantage is taken of its defects, or its variances from the declaration, unless on a motion to set aside the proceedings, which is addressed to the discretion of the Court, and is only granted for the attainment of justice. No inconveniences occur in England from this practice. Neither the Defendant
 
 *159
 
 nor his bail can sustain injury, because no step is taken in the cause until after the appearance of the Defendant, when the declaration is served on him, and he can then obtain time to plead if he he taken by surprise j and the bail to the writ are discharged by the principal’s appearance.
 

 This notice has been taken of the practice in the English Courts, to point out the great difference between legal proceedings in that country and in our state. They differ upon fundamental principles. By the organization of our Courts, the original writ issues from the Court in which the suit is instituted, and stands for trial. It forms part of the record of the cause. A prayer for the
 
 oyer
 
 of the writ is unnecessary, and is unknown to our practice. It answers the double purpose of writ and process. It executes the offices of both, and all its functions are not executed by bringing the Defendant into Court. Here, by the construction of our Court law, judgment may be rendered by default against Defendant, as well before as after appearance, and in some cases final judgment. Our bail to the writ, is also bail to the action. Hence great inconvenience might arise, and much injury result, from considering our original writ as mere process, and viewing it as no part of the record. For a more enlarged and able view of this subject, I refer to the case of
 
 Stamps
 
 v.
 
 Graves,
 
 (4
 
 Hawks,
 
 102,) in which these points have already been adjudged by this Court.
 

 It has been decided in
 
 Stamps
 
 v.
 
 Graves,
 
 that the writ being in
 
 debt,
 
 and the declaration in
 
 assumpsit,
 
 the variance is fatal. Here, the writ is in
 
 case,
 
 and the declaration in
 
 detinue.
 
 The variance is equally fatal. There is an essential difference between the two actions.
 
 Trover
 
 is to recover damages for the unlawful conversion of chattels.
 
 Detinue
 
 is to recover the specific articles, and also damages for their unlawful detention. In
 
 trover,
 
 the judgment is, that the Plaintiff do recover his damages
 
 i
 
 in
 
 detinue,
 
 that he do recover the goods, (or the
 
 *160
 
 value thereof, if the Plaintiff cannot have the goods,) and his damages. In which should judgment be rendered?
 

 i>u(; ^ is said, the declaration, though not technically drawn, is substantially good in
 
 irovcr.
 
 It begins by stating, that the Defendants were attached to answer the Plaintiff of a plea of trespass on the case, and thereupon the Plaintiff by his attorney complains, and then proceeds to set forth the cause of action. The recital of the writ, at the commencement, forms no part of the declaration, and cannot alter the character thereof. It is also said, that the averments of possession by Plaintiff, and of finding by Defendants, are common to both notions, and comport with a declaration in trover ; and no departure is observed, until near the close of the declaration, when instead of averring the conversion, according to the precedents in that form of action, it is averred, that the Defendants “have detained, and still do detain,” in conformity to the precedents in detinue. And it is contended, with mueh ingenuity, that
 
 these
 
 words,
 
 ex vi termini,
 
 import a wrongful detentionand a wrongful detention is a conversion, and not merely evidence of it, and thus the declaration is substantially good in
 
 trover.
 
 'Conversion and detention are not convertible terms. — . Detention may be evidence of conversion, but it is not conclusive of the fact. Setting forth a detention is not an averment of the fact of conversion, and conversion must be averred in a declaration in
 
 trover.
 
 It is the gist of the action. The declaration accords with the precedents in
 
 detinue,
 
 and is different from the forms prescribed in
 
 trover.
 
 The same declaration will not answer for either action. This is a good declaration in
 
 detinue,
 
 it.cannot be admitted that it will answer in
 
 trover.
 
 To avoid confusion, the boundaries of actions should be distinctly marked, and carefully preserved. The variance is fatal.
 

 The Plaintiff issues his writ as administrator of his intestate,
 
 Nancy Glisson,
 
 and then declares in his own
 
 *161
 
 right. The writ and declaration are parts of the record of the same suit. Each sets forth a different right of action, and they are repugnant to eacli other. Establishing the position, that the writ is a part of the record, forbids this departure from it in the declaration. By confounding different and distinct rights in the same, action, the important purposes of pleading may be defeated, and confusion may be introduced. It is believed this also is a fatal variance.
 

 It is contended, that the variances between the writ and declaration are cured after verdict, by statute 5,
 
 Geo.
 
 1,
 
 ch.
 
 13.
 
 In Dudley
 
 v.
 
 Car
 
 molt, (1
 
 Mur.
 
 340) the writ w'as tested in the name of the Clerk, and it was signed by the deputy Clerk in his own name; and it was decided, that the statute of 5
 
 Geo.
 
 1. is in force in this state, and cures the defect in the writ. The Defendant should have taken advantage in that case, of the defect in the writ, by plea in abatement; but he pleaded in chief, and thereby waived the right of subsequently making this objection. The decision of ihe Court to render judgment for the Plaintiff is deemed correct, upon the general rules of pleading, without invoking the aid of the statute of
 
 Geo.
 
 1. to cure the defect after verdict. In
 
 Stamps
 
 v.
 
 Graves,
 
 where the writ was in
 
 debt,
 
 and the declaration in
 
 assumpsit,
 
 this Court, with much deliberation decided, that the variance was fatal, even after verdict, and was not cured by .the statute of 5
 
 Geo.
 
 1.— That the statute was, for certain purposes, in force here, and as to all matters of form was to have full effect and complete operation; but this was
 
 stick a matter of, substance,
 
 as could not be aided here by that statute.
 

 As to the motion to amend the pleading, under the act of 1824,
 
 ch. 3,
 
 so as to make it an action of
 
 trover,
 
 in the Plaintiff’s own right, the question has been settled by this Court, in the case of
 
 Matlock
 
 v.
 
 Gray et al.
 
 (4
 
 Hawks
 
 1.) It is there decided, that this Court has not
 
 *162
 
 power to make the amendment. The party can take no-thine by the motion.
 

 Per Curiam. — Let the judgment below be reversed, ■ , , and the judgment be arrested.